**Kathy S. ROSSELL,**

v.

**COUNTY BANK, a Banking Institution of the State of Delaware.**

No. 06–2299.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 4, 2008.

Filed: March 25, 2008.

Roy S. Shiels, Brown, Shiels & Chasanov, Dover, DE, for Kathy S. Rossell.

Daniel V. Folt, Duane Morris, Wilmington, DE, for County Bank.

BEFORE McKEE, AMBRO, Circuit Judges and IRENAS, Senior District Judge.*

OPINION

McKEE, Circuit Judge.

Kathy Rossell appeals the district court's dismissal of her Title VII claim against County Bank. For the reasons that follow, we will affirm.[1]

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or historical background except insofar as may be helpful to our brief discussion.

Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq.*, provides a remedy for employees who are discharged by their employer for engaging in activity that is protected under the statute. To prevail on a claim of retaliatory discharge under Title VII, Rossell must demonstrate (1) that she engaged in protected activity, (2) that her employer discharged her, and (3) that the discharge was in retaliation for the protected activity she engaged in. *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 177 (3d Cir.1997).

However, a retaliatory discharge claim must be based on retaliation for an employee's opposition to a Title VII violation. *See Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 249 (5th Cir.1997). Therefore, the actions underlying the employee's conduct must be activity that Title VII was intended to protect. *See generally, Slagle v. County of Clarion,* 435 F.3d 262 (3d Cir.2006). Rossell's claim is based upon alleged discrimination against the bank's customers, not its employees. She claims that she was fired because she opposed the bank's treatment of certain Black customers. Whether or not there is a grain of truth in her allegation, it is clear that Congress never intended Title VII to be stretched to cover it. *See Nelson v. Upsala College,* 51 F.3d 383, 388 (3d Cir.1995).

The district court recognized that and correctly granted the Bank's motion to dismiss. We will affirm that order.

* Honorable Joseph E. Irenas, Senior United Sates District Judge for the District of New Jersey, sitting by designation.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss the complaint is plenary. *Beers–Capitol v. Whetzel,* 256 F.3d 120, 130 n. 6 (3d Cir.2001)